NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3673
_____

OLIVIA A. ADAMS,
                    Appellant

v.

JAMES MURRAY LYNN, (Individually and in his capacity as a Court of Common Pleas
Judge in Philadelphia County, Pennsylvania);
THE COMMON PLEAS COURT OF PHILADELPHIA COUNTY;
THE SUPERIOR COURT OF PENNSYLVANIA;
THE SUPREME COURT OF PENNSYLVANIA
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-05908)
District Judge: Honorable Louis H. Pollak
_____

Submitted Under Third Circuit LAR 34.1(a)
March 19, 2012

Before:  RENDELL, FISHER and CHAGARES, Circuit Judges.

(Opinion Filed: March 30, 2012 )
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

        Frustrated with the results of several state-court litigations, plaintiff Olivia Adams

filed suit in the District Court for the Eastern District of Pennsylvania seeking declaratory

judgments and injunctions against Judge James Murray Lynn of the Court of Common Pleas Philadelphia County, the Court of Common Pleas of Philadelphia County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania. The gist of her complaint is that Judge Lynn and the Court of Common Pleas have denied her relief to which she is entitled. Specifically, Adams, an African American, alleges that Judge Lynn has refused to enforce an order entered in one of the state-court cases because of her race. The District Court granted defendants' motion to dismiss and subsequently denied Adams's motion for reconsideration. We will affirm.

## I.

This case arises out of a real estate contract dispute between Adams, Craigg Real Estate Investment Corporation, and Patrick Charles. In August 2001, Adams brought a quiet-title suit in the Court of Common Pleas of Philadelphia County against defendants Craigg and Charles regarding several properties in Philadelphia. The parties eventually agreed that the property known as 2212 Watkins Street was to be sold, with Craigg receiving $3,000, and the remainder of the proceeds being equally divided between Adams and Charles. Upon learning that Craigg and Charles had sold 2212 Watkins Street for $70,000, Adams asked the court to impose a constructive trust on the proceeds of the sale. In May 2007, Judge Lynn issued an order stating that Adams was due 50% of the proceeds of the sale, but declined to impose a constructive trust on those proceeds.

Adams and the defendants both appealed to the Superior Court of Pennsylvania. On June 23, 2008, the Superior Court remanded the case to Judge Lynn with instructions to impose a constructive trust on the proceeds of the sale. Adams alleges that, on

2

remand, rather than imposing a constructive trust, Judge Lynn instead held a settlement conference in which Judge Pro Tem Vincent Melchiorre pressured her to settle the litigation against Craigg and Charles and a related suit against their attorney, Thomas F. Grady. Adams alleges that Judge Pro Tem Melchiorre told her, "there are groups. There are Italian Lawyers, Jewish Lawyers, Black Lawyers and Irish Lawyers," and that Judge Pro Tem Melchiorre went on to state that "Judge Lynn would not allow [Adams] to take [Grady] down like that."

Ultimately, however, Judge Lynn issued an order, dated August 6, 2008, that specified that the proceeds of the sale were to be held in a constructive trust and appointed a receiver for the amount of $30,500. Adams argued that this arrangement violated the Superior Court's order to create a constructive trust and filed a motion for reconsideration, which Judge Lynn denied. Adams then filed in the Superior Court a motion to enforce the Superior Court's June 23, 2008 order. The Superior Court denied Adams's motion, concluding that Judge Lynn's August 6, 2008 order fulfilled its earlier directions and that Adams had received the remedy she requested. The Superior Court stated, further, that, if Adams wanted to challenge the August 6, 2008 order, she should have appealed that order rather than filing a motion to enforce the Superior Court's June 23, 2008 order. It also noted that the time to file such an appeal under the Pennsylvania Rules of Appellate Procedure had lapsed. Adams's motion for reconsideration was subsequently denied, as was her application for relief in the Pennsylvania Supreme Court. Adams also filed a motion for recusal against Judge Lynn, which remains pending.

After her motions were denied by the Pennsylvania courts, Adams sued Judge Lynn, the Court of Common Pleas of Philadelphia County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania in the United States District Court for the Eastern District of Pennsylvania. She sought (1) a declaratory judgment that she is entitled to the imposition of a constructive trust on the full $70,000 proceeds from the Watkins Street property sale, (2) a declaratory judgment that the Pennsylvania courts violated her due process rights, (3) an order directing the Court of Commons Pleas to hold a hearing to determine her share of proceeds of the sale of the Watkins Street property, and (4) a mandatory injunction requiring Judge Lynn to act within ten days of the District Court's order. Adams later sought permission to file an amended complaint, in which she asked the District Court to enforce, rather than modify, the August 6, 2008 order by issuing a declaratory judgment "that the Court of Common Pleas is required to promptly provide Plaintiff access to the remedy set forth in its own August [6], 2008 Order by immediately complying with the terms set forth therein" and an "injunction directing Judge James Murray Lynn . . . to move on the August [6], 2008 Order within thirty . . . days of this Court's decree."

Citing the *Rooker-Feldman* abstention doctrine, the District Court granted defendants' motion to dismiss Adams's original complaint, denied as futile Adams's motion for leave to amend her complaint, and dismissed the case with prejudice. Adams then filed a motion for reconsideration, which the District Court denied based on both the *Rooker-Feldman* and *Younger* abstention doctrines. Adams filed this timely appeal.

4

## II.

We have jurisdiction over Adams's appeal under 28 U.S.C. § 1291. Adams has not asked us to review the District Court's application of the *Rooker-Feldman* doctrine to the claims in her original complaint. Instead, she has repeatedly stressed that the question here is whether she can proceed on the claims asserted in her proposed *amended* complaint, which the District Court dismissed as precluded under either *Rooker-Feldman* or *Younger*. Because the defendants have admitted on appeal that the *Rooker-Feldman* doctrine does not apply to plaintiffs' amended claims, we will analyze only the *Younger* aspect of the District Court's decision. We "exercise plenary review over the legal determinations of whether the requirements for *Younger* abstention have been met"; "if so, we review the district court's decision to abstain for abuse of discretion." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 843 (3d Cir. 1996).

The District Court did not err in abstaining from adjudicating Adams's proposed amended complaint under *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). *Younger* abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992) (internal quotation marks omitted). A district court may abstain on *Younger* grounds when three conditions are met: (1) there are pending or ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise any constitutional issues. *See O'Neill v. City of Philadelphia*, 32 F.3d 785, 789 (3d Cir. 1994).

5

The District Court correctly found that the three prerequisites for *Younger* abstention were satisfied in this case. First, Adams admits that her state-court case remains open. Indeed, the relief she seeks — an injunction ordering Judge Lynn to take further action on his August 6, 2008 order — presupposes that the Court of Common Pleas retains jurisdiction to act in her case. Second, the United States Supreme Court has held that "the special interest that a state has in enforcing the orders and judgments of its courts" satisfies the second prong of the test. *Schall v. Joyce*, 885 F.2d 101, 109 (3d Cir. 1989) (interpreting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)). Because Adams's proposed amended complaint plainly seeks enforcement of the Court of Common Pleas' August 6, 2008 order, that interest is implicated in this case.

Third, Adams has not satisfied her burden to show that the state proceedings do not afford her any opportunity to raise her federal claims. *See id.* at 107 (quoting *Pennzoil*, 481 U.S. at 14). "'[W]hen a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *O'Neill*, 32 F.3d at 792 (quoting *Pennzoil*, 481 U.S. at 15). Adams has not alleged that she has raised her federal claims or sought enforcement of the August 6, 2008 order in the state courts; nor has she cited any unambiguous authority that would preclude her from doing so.[1]

---

[1] As discussed above, Adams filed a "motion to enforce" the Superior Court's June 23, 2008 order, but she has not alleged that she has taken any action to request enforcement of the Common Pleas Court's August 6, 2008 order or initiated contempt proceedings against the state-court defendants for failing to comply with that order.

6

We acknowledge that, even where the three *Younger* abstention predicates are satisfied, a plaintiff can avoid abstention by making a "showing of bad faith, harassment or some other extraordinary circumstance." *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). In a different case, we might conclude that Adams's race-discrimination allegations, which we take very seriously, constitute such an "extraordinary circumstance" and warrant federal-court review. But in this case, where Adams asks a federal court to enforce a state-court order (which, despite the alleged prejudice, was decided in her favor), but has not asked the state court to enforce that order, such a conclusion would be premature.

Accordingly, we conclude that the District Court did not abuse its discretion in ruling that *Younger* abstention precludes federal-court litigation of the claims presented in Adams's proposed amended complaint.

**III.**

Therefore, we will affirm the judgment dismissing Adams's claims and denying Adams's motion for reconsideration.